# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>Shane Leiser and<br>Linda Leiser,<br><br>Debtors. | Bankruptcy Case<br>No. 13-40574-JDP |
| Gary L. Rainsdon,<br>Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>Shane Leiser and<br>Linda Leiser,<br><br>Defendants. | Adv. Proceeding<br>No. 14-08001-JDP |

## MEMORANDUM OF DECISION

**Appearances:**

MEMORANDUM OF DECISION – 1

Gary L. Rainsdon, Chapter 7 Trustee, Twin Falls, Idaho.

Ryan E. Farnsworth, Avery Law, Idaho Falls, Idaho, Attorney for
Defendants Shane and Linda Leiser.

### *Introduction*

This is an action under § 727(d)(3)[1] and (a)(6)(A) by Plaintiff, chapter
7 trustee Gary L. Rainsdon ("Trustee") to revoke the discharge granted to
Defendants Shane and Linda Leiser ("Debtors") based upon their conduct
during the bankruptcy case.  Adv. Dkt. No. 1.   In addition, Trustee seeks a
money judgment against Debtors for the amount of the funds he alleges
they failed to turn over as property of the bankruptcy estate.  *Id.*  A trial
was conducted on June 19, 2014.  At the conclusion of the presentation of
evidence, and after hearing the arguments of the parties, the Court took the
issues under advisement.  This Memorandum of Decision represents the
Court's findings of fact, conclusions of law, and decision.  Rule 7052.

### *Facts*

---

[1]   Unless otherwise indicated, all chapter and section references are to the
Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, and all Rule references are to the
Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037.

MEMORANDUM OF DECISION – 2

Debtors filed a chapter 7 petition on May 10, 2013. Bankr. No. 13-40574, Dkt. No. 1. Trustee is the case trustee. On May 13, 2013, the Court issued an Income Tax Turnover Order (the "Tax Order") to Debtors. Bankr. Dkt. No. 10; Exh. 103. The Tax Order required Debtors: (1) to timely file all required Federal and state income and other tax returns for tax years during the case, and for the year preceding the filing of the case; (2) to deliver to Trustee signed and dated copies of the tax returns; and (3) to turn over to Trustee any income tax refunds held or received by Debtors while the bankruptcy case is open. *Id.* at 1. The Tax Order advised Debtors about the serious possible consequences for their willful failure to obey its requirements:

> LOSS OF DISCHARGE AND OTHER SANCTIONS: A willful failure to obey this order (for example a failure to file required tax returns, failure to provide signed copies of all tax returns to your trustee, or failure to surrender and turn over all refunds) may result in a loss of your right to a bankruptcy discharge of indebtedness, dismissal of your case without further notice to you and without hearing, and/or other possible sanctions.

*Id.* A Clerk's certificate of service shows the Tax Order was mailed to

MEMORANDUM OF DECISION – 3

Debtors at their home address, and electronically delivered to Debtors'

attorney.  *Id.* at 2.  Debtors do not dispute that they received this order.

On July 22, 2013, Trustee conducted the § 341(a) meeting of creditors

in the bankruptcy case at which Debtors and their attorney were present.

Trustee testified that he specifically recalled asking Debtors whether they

had filed their 2012 tax returns, and that he was careful to explain to them

that he should be given a copy of the returns and any tax refunds they

received on account of the returns.[2]  According to Trustee, Mrs. Leiser

advised him that Debtors had just completed the returns before the

meeting, and she provided Trustee with a copy of the returns submitted to

the Court by Trustee as Exhibit 102, Part A.  However, Trustee later

learned that Debtors had not actually filed the returns that Debtors

provided to him at the § 341(a) meeting.  Trustee testified that he

---

[2]  Trustee indicated that prior to the trial, to help him accurately recall the events and statements made at the § 341(a) meeting, he listened to the audio recording of that meeting.  Trustee did not offer the Court or Debtors a transcript of the recording.  However, the Court has no reason to question the accuracy of Trustee's account of the meeting, nor have Debtors called the accuracy of Trustee's recollections into question.

MEMORANDUM OF DECISION – 4

discovered, through contact with the Internal Revenue Service (IRS), that

Debtors had filed a different version of the 2012 tax returns (*see* Exh. 102,

Part B), and had not done so until January 2014.[3]  Mrs. Leiser testified

Debtors did indeed file the 2012 tax returns in 2014, but disputed Trustee's

assertion that she told him at the § 341(a) meeting that she had already

filed the returns that she provided to Trustee.  Ms. Leiser also

acknowledged that Debtors had not filed their state tax returns until June

2014.

     In response to Trustee's statements, Mrs. Leiser testified about the

personal struggles she experienced during the time leading up to the

§ 341(a) meeting.  Among other problems, she recalled that she was

stressed because her father died shortly before the meeting, requiring her

to travel to South Carolina to manage his affairs and attend his funeral.

Mrs. Leiser suggested that these events diverted her attention away from

the bankruptcy filing.  In addition, she stated her computer "crashed"

---

[3] Trustee testified that he did not receive a copy of the filed 2012 tax return from Debtors until they responded to his discovery requests in this adversary proceeding.

MEMORANDUM OF DECISION – 5

shortly before the meeting, which caused her to lose the information

necessary to complete the 2012 tax returns.

Debtors were granted a discharge on September 17, 2013.  Bankr.

Dkt. No. 27.  On October 9, 2013, Trustee filed and served on Debtors and

their counsel a Motion for Turnover of Property and Records.  Exh. 104.

The motion was unopposed by Debtors, and on November 5, 2013, the

Court entered an order granting the motion (the "Turnover Order") .  Exh.

105.  The Turnover Order required Debtors to "forthwith turn over to

[Trustee] the following property and records:"

> 1. $1,634.34, which was in account #8118 on date of
> filing.
> 2. $52.83, which was in account #8832 on date of filing.
> 3. $255.46, which was in account #4596 on date of filing.
> 4. 2012 tax refunds.
> 5. All rents paid by Clay Clasby[4] since date of filing.
> 6. All documents relating to Mrs. Leiser's father's estate.

*Id.*[5]

---

[4] Mr. Clasby apparently rented a room in Debtors' home.

[5] In his motion, Trustee originally sought turnover of several additional
items he claimed to be property of the estate.  Trustee testified he and Debtors

MEMORANDUM OF DECISION – 6

Debtors did not comply with the Turnover Order, and so on December 10, 2013, Trustee sent Debtors a letter, with a copy to their counsel, asking that Debtors comply with the Turnover Order within ten days; it also warned that he would pursue an action to revoke their discharge under § 727(d)(3) if they failed to comply.  Exh. 106.

When Debtors did not comply with his demand, Trustee filed the adversary complaint on January 2, 2014, seeking a revocation of Debtors' discharge and a money judgment for the amounts Debtors had failed to turn over.  Adv. No. 14-08001, Dkt. No. 1.  After serving the complaint on Debtors and their attorney, Trustee received checks totaling $2,235.63 from Debtors on or around February 3, 2014.  Trustee testified that these payments represented the amounts in the bank accounts listed in the Turnover Order, plus reimbursement for the $293 adversary proceeding

---

were able to agree on an amount they could pay him in lieu of turning over these other items.  *See* Exh. 104 at ¶¶ 7-10.

MEMORANDUM OF DECISION – 7

filing fee he had paid to commence this action.[6]

In contrast, and although their math is not precise, Debtors contend that the amount they paid to Trustee  represented the $1,200 in rents paid to them by Clay Clasby (*see* Exh. 105, ¶ 5), plus the amounts they assert were actually available to them in their bank accounts on the petition date.[7]  Mrs. Leiser also acknowledged that Debtors had received an additional $600 in rent from Mr. Clasby since making the payments to Trustee, which sums they had not turned over to Trustee.

In February 2014, Debtors testified that they received an Federal tax refund from the 2012 tax returns they filed the month prior.  Debtors

---

[6]  Trustee's math seems to be correct: the amounts in the various bank accounts listed in the Turnover Order ($1,634.34 + $52.83 + $255.46) plus the filing fee (+ $293) totals $2,235.63.

[7]  A considerable amount Debtors' evidence and testimony dealt with the amount they claim was on deposit in their bank account #8118 on the petition date.  Debtors contend the amount that was actually in the account, due to outstanding debits, was $678, and therefore, they should not have been required to turn over to Trustee any higher amount.  Of course, Debtors did not bother to make this argument, or to provide such evidence, in response to Trustee's motion, which listed the amount in account #8118 as $1,634.34, based upon the bank account statement Debtors had provided to Trustee.

MEMORANDUM OF DECISION – 8

assumed their receipt of these funds was a mistake, because they owed

significant tax debts to the IRS, so they contacted IRS to inquire about the

situation.  Mrs. Leiser testified it took several months for the IRS to

respond to their inquiries.  An agency representative eventually advised

Debtors their receipt of the refund check was indeed the result of a

mistake, and she requested that they return the check.  Without consulting

Trustee, Debtors, acting on advice of their counsel, honored the request by

returning the check to a local IRS office some time in June 2014.  Of course,

their counsel gave them this advice, and they returned the funds to IRS

notwithstanding the terms of the Court's Tax Order and the Turnover

Order, and even, by that time, Trustee had commenced this adversary

proceeding against them to revoke their discharge for failure to comply

with those orders and deliver property of the bankruptcy estate to him.

### *Analysis and Disposition*

Based upon this record, Trustee argues that Debtors' discharge

MEMORANDUM OF DECISION – 9

should be revoked pursuant to §§ 727(d)(3) and (a)(6)(A),[8] and requests the

entry of a money judgment against Debtors for the amounts they failed to

turn over to Trustee.  He calculates this amount as $1,593 for the 2012

Federal tax refund, and $1,800 for rents paid to Debtors by Mr. Clasby.

Trustee contends revocation of Debtors' discharge is warranted because

Debtors willfully failed: (1) to obey the Tax Order by failing to file the 2012

tax returns timely; (2) to provide a copy of the filed 2012 tax returns as

required by the Tax Order; (3) to turn over the tax refund check sent to

them by the IRS as required by the both the Tax Order and Turnover

Order, notwithstanding that the check may have been given to Debtors in

error; and (4) to comply with the other provisions of the Turnover Order.

Trustee acknowledges that, after filing and service of his adversary

complaint, Debtors have complied with parts of the Turnover Order, in

that they have paid him the amounts in the bank accounts, and given him

---

[8]  Trustee also urges revocation of Debtors' discharge under § 727(a)(4)
because, he alleges, Mrs. Leiser lied to him at the § 341(a) meeting regarding the
status and contents of the 2012 tax returns.  Given the Court's determination
below, the Court need not address Trustee's § 727(a)(4) claim.

MEMORANDUM OF DECISION – 10

the information requested regarding Mrs. Leiser's father's estate.

However, Trustee points out that Debtors have still failed to fully comply

with the Turnover Order or Tax Order by paying him the amount of the

2012 Federal tax refund and all of the rents Debtors received from Mr.

Clasby.

Debtors argue that they have earnestly attempted to comply with

the Court's orders, but concede they have been unable to do so due to their

personal struggles. Further, Debtors remind the Court that the amounts

listed in the Turnover Order have been largely paid to Trustee, or more

precisely, at least the amounts they contend Trustee is rightfully entitled to

receive.

## I. Applicable Law

A chapter 7 debtor receives a discharge of debts unless any of the

circumstances listed in § 727(a)(1) - (12) apply. However, even after the

entry of a discharge under § 727(a), a trustee, a creditor of the debtor, or

the United States trustee may request that the debtor's discharge be

MEMORANDUM OF DECISION – 11

revoked if it is shown that the debtor has engaged in certain acts or

misconduct in connection with the bankruptcy case. *See* § 727(d).[9]  At

issue in this case is § 727(d)(3), which provides, in relevant part:

> On request of the trustee, a creditor, or the United
> States trustee, and after notice and a hearing, the court
> shall revoke a discharge granted under subsection (a) of
> this section if—
>
> . . . (3) the debtor committed an act specified in
> subsection (a)(6) of this section . . . .

Section 727(a)(6), in turn, provides that a debtor is not entitled to a

discharge if "the debtor has refused, in the case— (A) to obey any lawful

order of the court, other than an order to respond to a material question or

testify[.]"  An order is lawful if it is issued by a court with jurisdiction over

the subject matter and the person to which it was issued.  *See Maness v.*

*Meyers*, 419 U.S. 449, 459 (1975) (stating "an order issued by a court with

---

[9]  As applicable here, an action to revoke a debtor's discharge must be commenced within the time provided in § 727(e)(2), which provides: "The trustee . . . may request a revocation of a discharge— . . . (2) under subsection . . . (d)(3) of this section before the later of— (A) one year after the granting of such discharge; and (B) the date the case is closed."  Debtors do not argue that Trustee's action in this case is untimely.

MEMORANDUM OF DECISION – 12

jurisdiction over the subject matter and the person must be obeyed by the

parties until it is reversed by orderly and proper proceedings.").  A

bankruptcy court has broad discretion to determine that a particular

violation of the court's order is so serious as to require the denial of

discharge under § 727(a)(6).  *Devers v. Bank of Sheridan (In re Devers)*, 759

F.2d 751, 755 (9th Cir. 1985); *Cutter v. Seror (In re Cutter)*, No. CC-10-1022-

PaD, 2010 WL 6467694, at *12 (9th Cir. BAP Oct. 21, 2010).

Generally, "[s]ection 727's denial of discharge is construed liberally

in favor of the debtor and strictly against those objecting to discharge."

*First Beverly Bank v. Adeeb (In re Adeeb)*, 787 F.2d 1339, 1342 (9th Cir. 1986)

(citing *In re Devers*, 759 F.2d at 754).  Under § 727(d)(3) and (a)(6)(A), the

party seeking a revocation of discharge, here Trustee, bears the burden to

prove by a preponderance of the evidence "that the debtor (a) was aware

of the order; and (b) willfully or intentionally refused to obey the order

(i.e. something more than a mere failure to obey the order through

inadvertency, mistake[,] or inability to comply)."  *Gugino v. Cardenas (In re*

MEMORANDUM OF DECISION – 13

*Cardenas)*, 2011 WL 3510941, at *2-3 (Bankr. D. Idaho Aug. 10, 2011)

(quoting *Schwarzkopf v. Goodrich (In re Michaels)*, 2009 WL 7809926, at *5

(9th Cir. BAP Feb. 27, 2009)).  Once this showing is made, the burden shifts

to the debtor to demonstrate why the discharge should not be denied.  *In*

*re Cardenas*, 2011 WL 3510941, at *2.

## II.  Application of the Law to the Facts

Applying these principles in this case, as explained more fully

below, the Court concludes that Trustee has proven, by a preponderance

of the evidence, that Debtor willfully refused to obey the lawful orders of

this Court, and Debtors have not sufficiently rebutted that showing, such

that Debtors' discharge should be revoked, and a judgment entered

against Debtors for $3,393, the value of property of the estate they have not

turned over to Trustee.

First, both the Tax Order and the Turnover Order entered in this

case were "lawful" orders for purposes of § 727(a)(6)(A).  Without dispute,

the Court has jurisdiction over both the subject matter and Debtors in this

MEMORANDUM OF DECISION – 14

bankruptcy case.  *See* 28 U.S.C. §§ 1334(b) and 157(b)(2)(A) and (E).  These

orders were not reversed and were—and are—required to be obeyed.

*Maness*, 419 U.S. at 459.

Next, Debtors were actually aware of the entry and provisions of

both orders.  The record establishes that both Debtors and their counsel

were sent a copy of the Tax Order when it was entered.  The evidence

shows Debtors and their counsel were served with a copy of Trustee's

Motion for Turnover, and without objection from Debtors, the Turnover

Order was entered and copies sent to Debtors and their attorney.

Moreover, Trustee specifically advised Debtors at the § 341(a) meeting,

also attended by their lawyer, that Debtors were obliged to provide him

copies of their filed tax returns for the applicable years, and that they must

give him any refunds paid to them based on those returns.  When Debtors

failed to comply, Trustee made a separate written request to them,

referencing the Court's orders.  Clearly, on this record, the Court finds

Debtors were aware of the Court's orders, and importantly, knew of their

MEMORANDUM OF DECISION – 15

obligations under those orders.

Though they knew and appreciated their duty to comply with the

orders, the Court finds that Debtors willfully refused to obey them.  As to

the Tax Order, the Court concludes Debtors willfully refused to provide

Trustee with a copies of the 2012 tax returns they actually filed, and

instead allowed Trustee to believe that the draft of the tax returns given to

him by Debtors at the § 341(a) meeting was accurate.  Debtors offered no

explanation why they did not give Trustee copies of the signed, dated tax

returns when they were later filed, which of course, were different in

content than the copies of the unfiled tax returns provided to Trustee at

the § 341(a) meeting.

The Court also agrees with Trustee when he points out that Debtors

further willfully refused to obey the Tax Order by not filing the 2012 tax

returns in a timely fashion.  The Court finds Debtors' explanation (or

excuse) for their failure to timely file the tax returns (i.e. the death of Mrs.

Leiser's father and computer issues) does not adequately explain the

MEMORANDUM OF DECISION – 16

significant delay in filing, nor why Debtors did not obtain the necessary

deadline extension for late-filed returns.  In short, Debtors' cavalier

approach to filing their returns, which held up administration of their

bankruptcy case, did not satisfy their duty under the Tax Order.[10]

   If compliance with the general provisions of the Tax Order were the

only order at issue in this case, the Court, in exercise of its discretion,

might be reluctantly persuaded to find in Debtors' favor in this action.

However, Debtors' lack of compliance with the precisely-tailored terms of

the Turnover Order, entered after notice to Debtors and their counsel, and

without their objection, requires the Court to grant the relief requested by

Trustee.  Regrettably, and for reasons the Court can not comprehend,

Debtors seemingly ignored their obligations as explained in Trustee's

motion, the Turnover Order, and then in Trustee's letter, until after

---

   [10]  Trustee cites Debtors' failure to turn over the tax refund issued to them by the IRS in 2014 for the 2012 taxes as a willful violation of the Tax Order. Without regard to whether Trustee is correct, the 2012 tax refund was specifically covered by the Turnover Order, and will be addressed in connection with that order below.

MEMORANDUM OF DECISION – 17

Trustee initiated this adversary proceeding to revoke their discharge.

Even now, Debtors have not fully complied with the Turnover Order,

entered some eight months ago.

Debtors' arguments that the amounts of the bank accounts set forth

in the Turnover Order were incorrect, or that the 2012 Federal tax refund

had to be returned to the IRS, are of no moment. At best, those arguments,

and any evidence to support them, should have been brought to the

attention of Trustee and the Court, in response to Trustee's motion that

sought turnover of the particular amounts and the 2012 tax refund. *See*

*Maness*, 419 U.S. at 458 ("If a person to whom a court directs an order

believes that order is incorrect, the remedy is to appeal, but absent a stay,

he must comply promptly with the order pending appeal."); *Espinosa v.*

*United States Aid Funds*, 553 F.3d 1193, 1205 (9th Cir. 2008), *aff'd*, 559 U.S.

260 (2010) (holding that a party is not free to violate a bankruptcy court

MEMORANDUM OF DECISION – 18

order because it has doubts about the validity of the order).[11]

Debtors' argument that, though tardy in doing so, they have complied with the Turnover Order by paying most of the amounts required by the order, or at least, those amounts they agree with, similarly lacks merit. In response to a similar argument this Court has held, "[d]ebtor's willful failure to heed the Court's order should not be excused because he eventually complied under threat of discharge revocation . . .

---

[11] Debtors' strategy in this case is ill-timed and fatally flawed. Their contentions that the amount for account #8118 listed in the Turnover Order was incorrect, that the rents paid to Debtors were not estate property recoverable by Trustee, and that the 2012 tax refund was paid to them in error and should have been returned to IRS, even if plausible, are now irrelevant. Debtors should have opposed Trustee's motion for turnover with these arguments, or at least, promptly asked for reconsideration of that order. As to the tax refund, Debtors were directed by the Court to turn over any refunds to Trustee. If IRS erred in giving them a refund and wanted the check returned, that demand should have been directed to Trustee, not Debtors. With respect to the rents paid to Debtors by Mr. Clasby, they ask in their pretrial brief: "what basis, if any, [does Trustee have] for claiming that this is property of the estate, as the rent is derived from an exempt source - Debtor's home[?]" Adv. Dkt. No. 29 at 2. Again, though, even if Debtors' assertion that the rent payments were not estate property has merit, that argument should have been made in response to Trustee's motion for turnover, and taking that position now places them squarely in violation of the Court's lawful Turnover Order.

MEMORANDUM OF DECISION – 19

[t]he Court declines to send a message to other debtors that the Code's requirements may be ignored until the consequences of delay become sufficiently serious to warrant their compliance with turn over orders and demands." *In re Cardenas*, 2011 WL 3510941, at *4.  That Debtors, after the commencement of this action, may have partially complied with certain terms of the Turnover Order, does not change the fact that their partial compliance came too late, and that they willfully refused to comply with other terms of the order.

## Conclusion

Trustee has proven by a preponderance of the evidence that Debtors willfully refused to obey lawful orders of the Court entered in this bankruptcy case.  Therefore, Debtors' discharge will be revoked pursuant to § 727(d)(3) and (a)(6)(A).  In addition, Trustee will granted a money judgment against Debtors for unpaid amounts under the Turnover Order: $1,593.00 for the 2012 tax refund, and $1,800 for rents paid to Debtors.

MEMORANDUM OF DECISION – 20

The Court will enter a separate judgment in favor of Trustee.[12]

Dated:  July 17, 2014

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

---

[12]  Not discussed herein, nor altogether apparent to the Court from the record, is the role played by Debtors' counsel in the events leading up to this litigation.   If Debtors' lawyers appropriately counseled them concerning their responsibilities under § 521 to provide tax returns to and cooperate with Trustee, and to comply with lawful orders of the Court, how do counsel and their clients find themselves in this predicament?  Indeed, as noted above, Mrs. Leiser testified that, with respect to the 2012 Federal tax refund, Debtors acted in violation of the Court's order in reliance upon counsel's advice.  If this is true, the Court is perplexed why bankruptcy counsel would give such instructions despite the broad scope of § 541(a), and the terms of the Court's orders.

MEMORANDUM OF DECISION – 21